Our next case of the morning is Ozinga v. Burwell. Mr. White Good morning, Your Honors. May it please the Court. I take from my text this morning, Joe Maddon, Chapter 1, Verse 1, Do Simple Better. I don't think this is a very complicated case. No, it's not a very complicated case. And I must say, it's not every day that somebody brings a lawsuit, wins, gets all the relief he asks for, and appeals. Well, we didn't get all the relief we asked for, and that's precisely the point, Your Honor. No, you got all the relief you asked for in the complaint. That's right. And now you're more ambitious than you used to be. And the district judge has said, you've won this case, this case is over. If you've got problems with the new regime, file a new suit. We have problems with the new regime. So you have filed an appeal with a $500 filing fee in order to avoid paying the $450 filing fee in the district court for filing a new case. No, Your Honor. If we won the case, we're entitled to the injunction that gives us the remedy that we sought, which we originally had with our preliminary injunction. That's right. Why didn't you seek to amend your complaint? We didn't seek to amend it. Or file a new suit as to the adequacy of the accommodation that became available to you. And, you know, other for-profit businesses, after Hobby Lobby, you know, your complaint as it stands doesn't address the accommodation, does it? Well, Your Honor, that is precisely the problem with the way the court issued the injunction. It's not a problem. It's how litigation is conducted. You seem to be of the view that if you file a lawsuit, it is now the forum for all future developments between you and the adverse party. Not at all, Your Honor. Of course not at all. So you file a new lawsuit. The district judge told you to do the right thing. And here you are appealing, and the only thing I can make of your appeal is that you don't think you have to file a new lawsuit to contest new developments. I don't think if we had a proper Rule 65D order, Your Honor, that we would have to file lawsuit after lawsuit as these regulations continue to be tweaked. That's the problem we have. New regulations can be the subject of new lawsuits. Of course. A judge might allow one forum to contest everything. But I just can't even imagine an argument that he must. Perhaps you could help me. Because in what sense was there a procedural violation of Rule 65, given that you both asked the court, you know, to enter a permanent injunction? We did, Your Honor. But if you look at the draft order that we prepared. I apologize. I'm sorry. If you look at the draft order that we submitted, Your Honor, to the extent we thought we could put one together, we tried to recite the 64D elements to make sure that it was an enforceable order that we could use down the road if and when the regulations changed and the government decided to do something against us. The other thing I would point out, Your Honor, is that all we were asking it to have done was an appropriate order that would put the burden on the government to come in later and attempt to amend it if the government thought it could. And I just point out, Your Honor, that the form of the accommodation, this is exactly what we were afraid of was going to happen. The form of the accommodation that was being devised while this suit was first pending has since been superseded by a new form of accommodation, which we haven't even seen yet. And in the meantime, we have an injunction order. And the district judge has said, when you see it, you can file a lawsuit if you are then and there aggrieved. But query, Your Honor, why— The judge is not an ombudsman who is going to clear up all your future problems. Query, Your Honor, why we should have to file a lawsuit every time the government changes the regulation. Because it's a new regulation. It's really pretty simple. But the fallback point on that, Your Honor, is if we have the findings of fact and conclusions of law that we think we would have been entitled to, it would be a very quick and dirty lawsuit. So in the second lawsuit, you plead preclusion based on what happened in the first lawsuit. Nothing happened. I'm sorry. You won this lawsuit. You have received an injunction. If you believe that on the basis of this injunction, the Department of Health and Human Services is precluded from defending its future regulations, that's the whole doctrine of claim preclusion and the second restatement of judgments. You can argue that at the right time. But, Your Honor, we have no record in the original proceeding. You don't need a record to rely on a judgment. This is black letter law. We believe the judgment we were entitled to, Your Honor, on the record that we would have made had we had the opportunity to do so, would have restrained the statute itself, which is what we originally challenged and what we were challenging at that time. Not the regulation. The contraception mandate is found in the regulation. Sorry? The contraception mandate is found in the regulation. The very specific, the accommodation itself is found in the regulations, Your Honor, but the mandate, as Hobby Lobby describes and as we describe in our pleadings, and I think even as the government describes, originates in the Affordable Care Act. No, the Affordable Care Act might authorize the regulation, but the mandate is not in the statute. My colleague is exactly right. We have to take the world as it exists. You've won this lawsuit. You should declare victory and move on with life. Your Honor, we have no record upon which to declare victory. You do not need a record to enforce claims of preclusion. You've got an injunction. I have yet to see it. I hope I just don't have to recite the rules of preclusion to you. It's not there, Your Honor. You can't look them up. I see. I have found no case, nor has the government cited any case, authorizing this form of order for an injunction. When there's been no findings of fact, no conclusions of law, chiefest certainty. Have you ever heard of a consent decree? I have. They are. Look, both sides invited the court to enter a permanent injunction on the existing record without further hearing or fact finding. All you disagreed on was the form of the injunction. Well, I don't think that's. To me, I mean, the district court's order adequately explains why it limited the injunction to the pre-Hobby Lobby State of Affairs. And I'm really at a, I'm speechless. Well, our position, Your Honor, is that this was not a consent decree, that we actually did object to the terms of the order, and that what we attempted to have the court do is make the appropriate findings of fact and conclusions of law, so that down the road, if something happened, that we had to come back. I think what you're now requesting is an advisory opinion. No, Your Honor. You wanted the court to say some more things that you think might be helpful later, even though it did not change the relief you're getting today. And we don't do that. I want an order that survives a challenge to the sufficiency of the findings in this order, Your Honor. This was not a consent decree. There's no findings. But Hobby Lobby entitled you to all the relief that you sought in the complaint, not additional relief against the new regulations and the accommodation. I don't disagree, Your Honor. Your target has shifted, that's certain. No. But that is the subject of a new lawsuit. The original injunction we obtained, with the consent of the government, without any objection from the government, barred enforcement of the statute. While the suit was pending and the correctness of the Corte decision was tested in the Hobby Lobby decision. Correct. Right. So that was a status quo injunction. And Hobby Lobby ruled in your favor, entitling you to all the relief you asked for in this complaint. Correct. And that's what the judge awarded you. There's no need to make findings and conclusions other than what the judge said, is that Hobby Lobby entitles you to all the relief you requested. But, Your Honor, that wasn't the relief we requested. The accommodation wasn't even in place when Hobby Lobby was decided. Right, but you didn't challenge the accommodation because it wasn't in existence at the time. And it's not in existence now. We wanted the relief that we got under Hobby Lobby, which is against the statute. So when the accommodation post-Zubik runs its course in the administrative process, you can challenge it if you're subject to it and you don't like it. What kind of relief do we get that requires us to come back time and time again on the same issue? That's what you have to do when the law changes. When the law changes, people have to relitigate. That's the way the world works. All we were asking for, Your Honor, is relief. We saw it in the original complaint. I think you're very lucky there's been no motion for sanctions under Rule 36. I have rarely seen as frivolous an appeal as this one. I would respectfully disagree, Your Honor. Mr. Nemeroff, I don't think it's necessary for you to argue. That's fine by me. I'm here to answer any questions you may have. I have one. Yes, Your Honor. Do you think we should place this case on hold with the other Zubik remands while the government attempts to see if a new version of the accommodation is possible? I don't think it's necessary, but at the same time, we wouldn't object to that. Plaintiffs previously did object to the case being stayed pending Zubik when it was before the Supreme Court. I don't know that they would want that course of action. I'm going to ask you another question because you've come a ways. What is the status of the effort to revise the regulations regarding accommodations? Sure. So following Zubik, the departments issued a request for information in July. In September, the request for information closed. The departments received approximately 54,000 comments, and they're currently evaluating those comments. So you see, you got a chance to speak. Thank you, Your Honor. I appreciate it. Thank you. Anything further, Mr. White, in response to those very brief comments? No, Your Honor. Thank you. The case is taken under advisement.